**Rosario GUTIERREZ, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

**No. 98–16462.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1999

Decided Jan. 13, 2000

Geri N. Kahn, San Francisco, California, for the plaintiff-appellant.

Jeffrey H. Baird, Assistant United States Attorney, San Francisco, California, for the defendant-appellee.

Before: GOODWIN, SCHROEDER and ALARCON, Circuit Judges.

SCHROEDER, Circuit Judge:

Social Security regulations require an Administrative Law Judge (ALJ) to fill out and attach to each decision, "in any case where there is evidence which indicates the existence of a mental impairment," 42 U.S.C. § 421(h), a psychiatric review technique form (PRTF) evaluating the severity of mental impairments. The regulations provide in relevant part:

> [I]n evaluating the severity of mental impairments for adults (persons age 18 and over) and in persons under age 18

when Part A of the Listing of Impairments is used, a special procedure must be followed by us at each level of administrative review.... A standard document outlining the steps of this procedure must be completed by us in each case at the initial, reconsideration, administrative law judge hearing, and Appeals Council levels (when the Appeals Council issues a decision).

20 C.F.R. § 404.1520a(a)-(d)(1). The ALJ did not fill out and attach a PRTF in this case, and we must decide whether that deficiency requires us to reverse the district court's decision upholding the ALJ's denial of benefits. We hold that it does, because the claimant in this case has a non-frivolous claim of mental impairment that renders the appropriate evaluation of the claimant's condition material to a lawful decision on the claim.

The claimant, Rosario Gutierrez, was 49 years old at the time of her hearing in 1995 and was unable to return to her past work as a janitor and hotel kitchen worker. She has not been engaged in any substantial gainful activity since the alleged onset date of the disability, July 3, 1991. Gutierrez claimed she suffered from depression and physical pain from rheumatism and arthritis.

At the hearing, Gutierrez testified that she was in constant pain and often depressed. Kathleen Flood, a friend of the claimant, testified to her physical and mental problems. Dr. Martinez, a treating physician who treated Gutierrez for major depression, stated that her most serious symptoms-such as hallucinations and impulses to cut herself-had decreased, but that she continued to suffer from serious depression and that her "level of functioning remain[ed] compromised." Her treating therapists reported that her activities were limited by fatigue, uncontrollable crying episodes, inability to concentrate, anxiety, excessive fear of being alone or in public, and by physical pain.

Also before the ALJ was a report of Dr. Ernest Levinger, an internist, who found no clinical evidence of arthritis or rheumatism. In addition, a consultative examination by Dr. Marshall B. Dunham, a psychiatrist, resulted in a diagnosis of adjustment disorder characterized by disturbances of emotion and conduct, as well as borderline mental functioning.

The ALJ appointed Dr. John Dusay to review Gutierrez' medical records, and he opined from those records that her personality disorders were not likely to last for twelve months, the durational requirement to qualify for disability benefits. 42 U.S.C. § 423(d)(1)(A). The ALJ, relying upon the opinion of Dr. Dusay, found that the claimant suffered from a serious mental impairment but was expected to recover within twelve months and return to her past relevant work.

The district court upheld the ALJ's decision as supported by substantial evidence because the claimant had failed to establish conclusively that she had a disability that would last twelve months. The district court also held that the ALJ's failure to complete the PRTF was a mere technicality, since the ALJ inquired into the subjects covered by the PRTF at the hearing and considered the opinions of Gutierrez' treating physicians and therapists.

■ Our court has not had occasion to consider the legal consequences of a failure to comply with 20 C.F.R. § 404.1520a(d). The government contends it is unnecessary for us to reverse on that basis, because the record compels the finding that the claimant had not established the twelve-month durational disability requirement. The government cites to the treating physician, Dr. Martinez, for that proposition, yet Dr. Martinez' statement does not express any opinion that the claimant's condition will materially improve within twelve months. The ALJ's finding that the condition will improve was based exclusively upon the opinion of Dr. Dusay, who never examined the claimant. Such an opinion is not entitled to as much weight as the opinion of a treating physi-

cian. *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998). The evidence as a whole does not compel the ALJ's finding.

We therefore cannot agree with the government or the district court that the failure to complete and append the PRTF was immaterial. The government points to other PRTFs contained in the record, but they were not completed by the ALJ, are dated more than a year before the hearing, and are largely incomplete. They do not cure the violation.

Our decision is consistent with cases that have held that the failure to fill out the PRTF does not require reversal in situations where there is no viable claim of mental impairment. *See, e.g., Fountain v. Railroad Retirement Bd.,* 88 F.3d 528, 532 (8th Cir.1996) (claim based primarily on a back injury and liver disorder); *Riffe v. Shalala,* 1994 WL 564656, at *6 (N.D.Cal. 1994) (claim based on arthritis and leg pain). The evaluation form would not necessarily be material to a disability claim based, for example, predominately on a shoulder injury, even if a claimant alleged a minor nonexertional impairment such as controllable alcohol abuse. *See Hardy v. Chater,* 64 F.3d 405, 408 (8th Cir.1995).

We follow the cases in other circuits recognizing that where there is a colorable claim of mental impairment, 20 C.F.R. § 404.1520a requires the evaluation form to be completed and appended to the decision, and the failure to do so requires remand to the Social Security Administration. *See Stambaugh v. Sullivan,* 929 F.2d 292, 296 (7th Cir.1991) (ALJ's failure to evaluate claimant's alleged mental disorder or to document the procedure on a PRTF required reversal); *Hill v. Sullivan,* 924 F.2d 972, 975 (10th Cir.1991) (per curiam) (same); *Montgomery v. Shalala,* 30 F.3d 98, 100 (8th Cir.1994) (reversing and remanding because ALJ purported to evaluate the disorder but failed to do so according to the regulations and did not complete a PRTF). As one court noted, "[s]ince the record contained evidence of a mental im-

pairment that allegedly prevented claimant from working, the Secretary was required to follow the procedure for evaluating the potential mental impairment set forth in his regulations and to document the procedure accordingly." *Hill,* 924 F.2d at 975. That procedure was required in this case as well. Although Gutierrez also alleged pain due to arthritis, her claim of severe depression was central to her application for disability benefits.

The judgment of the district court is reversed and the case is remanded with instructions to remand the matter to the Commissioner for proper evaluation and documentation of the claimant's mental impairments.

REVERSED and REMANDED.