**Leona TAYLOR, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security,\* Defendant–Appellee.**

No. 01–55110.
D.C. No. CV–00–00838–MLH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 **.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Leona Taylor appeals the district court's summary judgment affirming the Commissioner of Social Security ("Commissioner") in his denial of Supplemental Security Income disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the district court's order. *See Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner's denial of benefits may be overturned when "it is not supported by substantial evidence, or ... is based on legal error." *Id.*

The district court wrongly concluded that the Administrative Law Judge's ("ALJ") failure to follow the precise guidelines for evaluation of mental impairments was harmless error. *See* 20 C.F.R. § 416.920a (1998); *Gutierrez v. Apfel,* 199 F.3d 1048, 1051 (9th Cir.2000) (holding ALJ's failure to complete required psychiatric review technique form required remand where claimant presented colorable claim of mental impairment). The ALJ failed to make the required functional assessment under either the 1998 version of § 416.920a in effect at the time of the hearing or the amended version currently in effect. *See id.* That Taylor had a colorable claim of mental impairment was evident not only from her treatment for depression but from her psychiatrist's assessment that she had poor concentration and could not handle constructive criticism or the productivity pressures of working. In addition, the ALJ failed to consider Taylor's mental and physical impairments in combination in assessing whether these combined impairments met or equaled a

*** This disposition is not appropriate for publication and may not be cited to or by the

listed impairment, and in assessing the credibility of Taylor's allegations of the degree of her limitations. *See Lester v. Chater,* 81 F.3d 821, 828 (9th Cir.1996).

With respect to Taylor's documented obesity, the ALJ failed to associate the obesity with her musculoskeletal problems, such as the osteoarthritic changes to her left knee, the herniated disc in her lower back, and the moderate spondylosis deformans with moderate to severe facet hypertrophy of her lumbar spine. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 9.09(A) (1998); *Pitzer v. Sullivan,* 908 F.2d 502, 504–05 (9th Cir.1990).

We reverse the district court's decision and remand with instructions to the district court to return the case to the Commissioner for proper determinations of Taylor's mental impairment, her obesity, the combined effect of her mental and physical impairments, and whether Taylor is disabled and entitled to benefits.

REVERSED AND REMANDED.