Majorie L. CONNOR, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Social Security Administration, Defendant—Appellee.

No. 02–16842.

D.C. No. CV–01–20656–JF.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2003.*

Decided Dec. 5, 2003.

Harvey P. Sackett, San Jose, CA, for Plaintiff-Appellant.

Jean M. Turk, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Claimant Marjorie Connor appeals the district court's order granting summary judgment and affirming the Social Security Commissioner's finding that she was not disabled under the Social Security Act. We reverse and remand for further proceedings. Because the parties are familiar with the facts and procedural history, we need not recount it here.

The Commissioner has established a "special technique" used to evaluate the severity of mental impairments for adults claiming a disability under the Social Security Act. 20 C.F.R. § 404.1520a (2003). Section 404.1520a was amended in 2000 and the new rules became effective on September 20, 2000, just over a month before Connor's November 7, 2000, hearing. 65 Fed.Reg. 507746–01 (2000). In order to satisfy section 404.1520a standards, the old regulations merely required the Administrative Law Judge (ALJ) to prepare and append a "Psychiatric Review Technique Form" (PRTF) to each decision. 20 C.F.R. § 404.1520a(d) (2000); *Gutierrez v. Apfel,* 199 F.3d 1048, 1049–50 (9th Cir. 2000). The new regulations abolished this practice in favor of the ALJ or Appeals Council incorporating the pertinent findings and conclusions into their decisions. Decisions must now include a specific finding in each of the four functional areas the Commissioner uses to evaluate the severity of a mental impairment. 20 C.F.R. § 404.1520a(e)(2) (2003).

The new regulations also substantively changed the "rating" system for each of the four functional areas. Now, activities of daily living, social functioning, and concentration, persistence and pace, are rated on a five point scale of none, mild, moderate, marked and extreme. The fourth

functional area, episodes of decompensation, is rated on a four point scale of none, one or two, three, and four or more. 20 C.F.R. § 404.1520a(c)(4) (2003).

Since these regulations became effective on September 20, 2000, they applied to Connor's administrative proceedings. However, the ALJ applied the old regulations and merely attached a PRTF which rated the functional categories according to the old scales. Because the new regulations substantively changed the rating system and the ALJ made no findings regarding the four functional areas, we reverse and remand this case to the district court with instructions to remand to the Commissioner for redetermination and assessment of Connor's mental impairment under the new regulations. Given the ALJ's evaluation under the incorrect regulations, we need not address the other issues raised by Connor.

**REVERSED AND REMANDED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.