**Robert C. COLEMAN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 02–36028.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided Feb. 23, 2004.

Rebecca Mary Coufal, Spokane, WA, for Plaintiff-Appellant.

L. Jamala Edwards, Office of the Geneal Counsel, Seattle, WA, for Defendant-Appellee.

Before: GOULD, PAEZ, Circuit Judges, and SILVER,* District Judge.

## MEMORANDUM **

■ Robert Coleman ("Coleman") appeals from the district court judgment affirming the decision of the Commissioner of Social Security ("Commissioner") that denied his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") under Title II and Title XVI of the Social Security Act. Coleman contends that the administrative law judge ("ALJ") erred in finding that his testimony was not credible. We conclude that substantial evidence supports the ALJ's credibility finding and therefore affirm this part of the ALJ's decision. Coleman also contends that the ALJ's finding that he was capable of performing substantial gainful work that exists in the national economy was not supported by substantial evidence. We agree. Accordingly, we reverse in part and remand.[1]

Because a district court's order upholding the Commissioner's denial of benefits is reviewed de novo, we focus on whether the administrative law judge's ("ALJ") de-

---

* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Coleman also challenges the ALJ's decision on the grounds that the ALJ failed to use a Psychiatric Review Technique Form (PRTF) in assessing his claim of mental impairment. See Gutierrez v. Apfel, 199 F.3d 1048, 1050 (9th Cir.2000); 20 C.F.R. § 404.1520a. Because this argument was not raised before the district court, we decline to rule on this issue. See Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir.2001).

cision is supported by substantial evidence. *See Benton ex rel. Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir.2003). "The Commissioner's decision to deny benefits will be overturned only if it is not supported by substantial evidence or is based on legal error." *Morgan v. Commissioner of the Social Security Administration,* 169 F.3d 595, 599 (9th Cir.1999) (citations and internal quotation marks omitted).

■ Disability claims are evaluated under a five-step sequential procedure. *See* 20 C.F.R. § 404.1520(a)-(f). At issue in this appeal is whether the Commissioner has sustained his burden of showing, at step five, that, in light of Coleman's residual functional capacity, he can engage in other substantial gainful work that exists in the national economy. *See* 20 C.F.R. § 404.1520(f). Where, as here, the claimant suffers from non-exertional limitations, the Commissioner can satisfy his burden only by relying on the testimony of a vocational expert ("VE"). *Moore v. Apfel,* 216 F.3d 864, 869 (9th Cir.2000).

When an ALJ relies on the testimony of a VE, he must pose a hypothetical question to the VE that incorporates all of the medical and vocational limitations of the claimant set forth in the record. *Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir. 1999). Here, the ALJ's hypothetical described an individual with moderate physical limitations and "one mental limitation," affecting, but not precluding, the ability to perform basic work functions. However, the evidence in the record reveals that Coleman suffered from more than one limitation and that he had a history of stress, anxiety and struggled with bouts of sleeplessness and depression.

The ALJ's hypothetical envisioned an individual who was "moderately limited in the ability to interact appropriately with the general public, but could relate to supervisors and coworkers on a superficial level and could adapt to a work situation." The record reflects, however, that Coleman exhibited at least 6 areas of marked impairment and that he experienced high levels of frustration and difficulty controlling his anger.

The ALJ did not include any of these limitations in the hypothetical he posed to the VE. The ALJ erred in limiting the hypothetical solely to one mental limitation and in not including the fact that Coleman suffers from an anxiety related disorder and a personality disorder and in not including Coleman's long history of depression, his expressions of anxiety and fear and his marked difficulty responding to, and interacting appropriately with, other people. *See Tackett,* 180 F.3d at 1101. Where, as here, a hypothetical fails to reflect each of the claimant's limitations supported by substantial evidence, the expert's answer has no evidentiary value. *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir.1984). Accordingly, we reverse and remand so that the ALJ can reformulate the hypothetical to the VE to include the limitations noted above.

We remand to the district court with directions to remand to the Commissioner for further proceedings consistent with this disposition.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.