**Umoja SELASSIE, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

**No. 04–17248.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 20, 2006.

Fed. R.App. P. 34(a)(2).

Tony Arjo, Esq., Oakland, CA, for Plaintiff–Appellant.

Umoja Selassie, Alameda, CA, pro se.

Elizabeth Firer, Social Security Administraton Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Umoja Selassie appeals from the district court's grant of summary judgment against him in his action challenging the termination of his disability benefits. We reverse and remand for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We review de novo a district court's order upholding a denial of benefits. *Rollins v. Massanari,* 261 F.3d 853, 855 (9th Cir.2001). We will uphold the ALJ's decision "if it was supported by substantial evidence in the record and ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

plied the correct legal standards." *Id.* at 856.

Selassie was granted a period of disability benefits commencing in March 1995 with a primary diagnosis of schizophrenia. In a November 2002 decision, the administrative law judge ("ALJ") determined that Selassie's medical condition had improved and affirmed the Hearing Officer's prior decision to cease Selassie's benefits as of August 31, 2001.

■ The ALJ, however, failed to document his application of the "special technique" for evaluating severity of mental impairments, as required by 20 C.F.R. § 404.1520a. This failure constitutes legal error. In *Gutierrez v. Apfel,* 199 F.3d 1048, 1051 (9th Cir.2000), we held that an ALJ's failure to follow the § 1520a technique requires reversal if the claimant has a "colorable claim of a mental impairment." *Id.* (construing an earlier version of § 1520a by which the ALJ was required to fill out and attach a specified form). Amendments to § 1520a since *Gutierrez* have given the ALJ greater discretion in deciding how best to publish the mandated findings, but even under the amended version, the regulation requires the ALJ to follow the special technique and to "document application of the technique in the decision." 20 C.F.R. § 404.1520a(e). Specifically, the regulation requires the ALJ's decision to "include a specific finding as to the degree of limitation in each of the functional areas described" in the regulation. 20 C.F.R. § 404.1520a(e)(2). It is undisputed that the ALJ's decision in this case does not include specific findings related to the four functional areas described in § 1520a(c).

■ The government contends that the legal error was harmless in this case because the ALJ considered all four required factors during the hearing. We disagree. As an initial matter, it is worth noting that one of the stated purposes for the "special technique" is to help the Social Security Administration "[o]rganize and present [its] findings in a clear, concise, and consistent manner." 20 C.F.R. § 404.1520a(a)(3). The specific documentation requirements, therefore, are not mere technicalities that can be ignored as long as the ALJ reaches the same result that it would have if it had followed those requirements. More importantly, neither the ALJ nor the Appeals Council engaged in any of the required analysis with regard to Selassie's diagnosed post traumatic stress disorder ("PTSD"). Selassie was originally diagnosed with PTSD by a treating therapist in July of 1996. Before the Appeals Council, Selassie submitted new evidence from a different treating therapist, confirming the PTSD diagnosis and claiming that Selassie's symptoms are currently severe enough to cause him "extreme difficulty in holding down regular work."[1] Letter from Anne M. Pincus, Ph.D. (June 1, 2003). The Appeals Council's failure to evaluate this new evidence under the § 1520a technique prevented the Social Security Administration from considering adequately Selassie's "colorable claim of a mental impairment," namely PTSD. Selassie has sufficiently alleged that this failure might have been outcome determinative in his case.

For the foregoing reasons, we reverse the judgment of the district court and remand the matter to the Commissioner

---

1. We note that the Appeals Council is required to consider "new and material evidence" that "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Because Dr. Pincus's letter confirms a diagnosis that dates back at least to 1996, the Appeals Council was required to consider the evidence.

for proper evaluation and documentation of Selassie's mental impairments, including his claim of PTSD.

**REVERSED and REMANDED.**