**Charles J. SALERNO, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner, Social Security Administration, Defendant–Appellee.**

No. 06–15418.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2008 **.

Filed Feb. 5, 2008.

---

** The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ian M. Sammis, Esq., San Rafael, CA, for Plaintiff–Appellant.

Dennis J. Hanna, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

MEMORANDUM ***

Charles Salerno ("Salerno") appeals the district court's grant of summary judgment to the Commissioner of Social Secu-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

rity ("Commissioner") affirming the denial of Salerno's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and the district court's denial of his Rule 59(e) motion to alter or amend the judgment.

Salerno, a 69–year–old former poultry warehouse material handler and foreman, alleged disability stemming from eye strain, lower back pain, joint and leg pain, varicose veins, locking fingers, shortness of breath, short-term memory loss, ringing in his ears, depression, trouble sleeping, indigestion, and diarrhea. The Administrative Law Judge ("ALJ") found Salerno does not suffer from a listed disability, calculated Salerno's residual functional capacity, and determined Salerno could not perform his past work, but found Salerno had skills transferable to other less physically demanding work. Salerno sought review in the district court pursuant to 42 U.S.C. § 405(g). The district court granted summary judgment to the Commissioner and then denied Salerno's Rule 59(e) motion to alter or amend the judgment.

■■■ This court reviews *de novo* the district court's grant of summary judgment. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir.2001). We may not disturb the ALJ's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Here, substantial evidence supports the ALJ's determination that Salerno does not qualify for disability insurance on the ground there are jobs existing in significant numbers Salerno is able to perform using his transferable skills with very little, if any, vocational adjustment and requiring no additional skills. We affirm.

■■■ Salerno incorrectly asserts the ALJ failed adequately to explain his evaluation of the combined effects of all of Salerno's

impairments and "[the ALJ's] boilerplate is insufficient." Where, as here, a claimant has multiple impairments, none of which meets the listing requirement under 20 C.F.R. pt. 404, subpt. P, app. 1, the ALJ must determine whether the impairments in the aggregate are equivalent to a listed impairment. 42 U.S.C. § 423(d)(2)(B); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005). It is the claimant's burden, however, to specify which listing he meets or equals and set forth evidence that would support the diagnosis and finding of a listed impairment. *Id.* at 683. Salerno has not offered, at any time during the proceedings on his disability claim, "any theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment." *See id.* Further, the ALJ did not merely include a "boilerplate" analysis of the combined effects of Salerno's impairments. The ALJ wrote nine pages analyzing and summarizing the medical evidence. Substantial evidence listed therein supports the ALJ's determination that Salerno's impairments do not meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Magallanes v. Bowen*, 881 F.2d 747, 750–51 (9th Cir.1989).

Salerno incorrectly asserts the ALJ erred by discounting treating physician Dr. Gilbert's assessment of his residual functional capacity. The ALJ made two specific findings that support his decision to grant limited weight to Dr. Gilbert's assessment of Salerno's residual functional capacity. *See Magallanes*, 881 F.2d at 751 ("To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (further internal quotation marks and citation omitted).

The ALJ found Salerno's "testimony as to the intensity, persistence, and limited effects of his impairments is ... exaggerated and not fully credible," a finding Salerno does not challenge on appeal and did not challenge before the district court. Accordingly, the ALJ gave less weight to Dr. Gilbert's opinion because it was premised on Salerno's "not fully credible" subjective complaints. *Fair v. Bowen,* 885 F.2d 597, 604–05 (9th Cir.1989) (Where a treating physician's medical opinion is based on the subjective complaints of the claimant and the ALJ has found the claimant's subjective reports of pain not fully credible, the ALJ is justified in discounting the treating physician's opinion.).

The ALJ also found Dr. Gilbert's own treatment notes fail to support, and in some cases contradict, the residual functional capacity Dr. Gilbert recommended for Salerno. Specifically, the ALJ found the treatment notes "generally reveal [Salerno] has no medical problems and[ ] is advised to increase his physical activities." Dr. Gilbert's treatment notes reflected Salerno had "no major problems," and when Salerno complained of back problems, Dr. Gilbert recommended exercise and stated: "I do not think that anything else needs to be done."

Salerno incorrectly asserts the ALJ failed properly to evaluate his alleged mental impairment—depression. The ALJ found, on the basis of unanimous medical reports and Salerno's own testimony regarding his depression, that Salerno's depression "produces no significant functional limitations." Salerno claims the ALJ committed reversible error because he failed to complete and append to his decision an evaluation form as required by a version of 20 C.F.R. § 404.1520a that was not in effect at the time of the ALJ's decision. The ALJ was not required to complete a psychiatric form, even under that rule, because Salerno submitted no evidence that his depression prevents him from working and his claim of depression was not central to his application for disability benefits; he twice told the ALJ he was *not* basing his disability claim on his depression. *See Gutierrez v. Apfel,* 199 F.3d 1048, 1051 (9th Cir.2000).

Salerno incorrectly asserts the ALJ failed to consider the more restrictive rules for finding a claimant of advanced age can perform other work. The ALJ summarized and analyzed the vocational expert's testimony as to the transferability of Salerno's skills to the vocational expert's recommended automotive self-service attendant and distributing clerk jobs, and made the requisite finding that Salerno "is able to perform [the jobs] with very little, if any, vocational adjustment using his transferable skills and requiring no additional skills." *See* 20 C.F.R. § 404.1568(d)(4). Substantial evidence supports the ALJ's finding that Salerno's skills would transfer to the automotive self-service attendant and distributing clerk jobs. *Magallanes,* 881 F.2d at 750.

 Salerno incorrectly asserts for the first time on appeal that the ALJ erred by failing to pose to the vocational expert a hypothetical that included depression, finger problems, and monocular vision. This argument is waived because Salerno failed to raise it in the district court. *Edlund v. Massanari,* 253 F.3d 1152, 1160 n. 9 (9th Cir.2001) (this court may not consider a claimant's challenge to the ALJ's denial of disability benefits not raised in the district court). Even if Salerno had not waived this argument, the argument fails on the merits. An ALJ posing a hypothetical question to a vocational expert "must set out *all* the limitations and restrictions of the particular claimant." *Magallanes,* 881 F.2d at 756 (internal quotation marks and citation omitted). It is, however, proper

for an ALJ to limit his hypothetical to only those restrictions supported by substantial evidence in the record. *Id.* at 756–57. The ALJ incorporated Salerno's alleged trigger finger into the hypothetical by limiting him to frequent—rather than constant—reaching, handling, and fingering. The ALJ did not need to incorporate depression and monocular vision into the hypothetical because Salerno's depression and vision were found not to limit his abilities.

Finally, the district court did not abuse its discretion by denying Salerno's Rule 59(e) motion to alter or amend the district court's order granting summary judgment to the Commissioner of Social Security. None of the grounds upon which a Rule 59(e) motion may be granted are present here. *See Turner v. Burlington Northern Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir.2003). Salerno's motion did not present any new evidence to support his claim and there had not been a change in the controlling law. *Id.* The district court's grant of summary judgment was not based on manifest errors of law or fact, nor does it create a manifest injustice. *Id.* Further, Salerno waived this argument when he failed to raise it in his Opening Brief. *See Hernandez v. City of L.A.,* 624 F.2d 935, 937 n. 2 (9th Cir.1980) (this court does not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in the appellant's opening brief).

Therefore, we affirm the district court's orders granting the Commission summary judgment and denying Salerno's Rule 59(e) motion to alter or amend the judgment.

**AFFIRMED.**