**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GALE GUNDERSON,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant - Appellee.

No. 09-35566

D.C. No. 3:08-cv-00183-BR

MEMORANDUM *

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 5, 2010
Portland, Oregon

Before: PAEZ, TALLMAN, and M. SMITH, Circuit Judges.

Gale Gunderson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Gunderson's application for disability

insurance benefits under Title II of the Social Security Act and for supplemental

security income under Title XVI. Because the parties are familiar with the facts

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.

First, Gunderson argues that the administrative law judge (ALJ) failed to properly adhere to the procedures and apply the "special technique" set forth in 20 C.F.R. § 404.1520a. The "special technique" is used by "adjudicators to assess an individual's limitations and restrictions from a mental impairment[] in categories identified in the 'paragraph B' and 'paragraph C' criteria of the adult mental disorders listings." SSR 96-8p, 1996 WL 374184, at *4; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 *et seq*. The "special technique" requires the adjudicator to determine whether the claimant has "a medically determinable mental impairment[]," 20 C.F.R. § 404.1520a(b)(1), and if so, to "rate the degree of functional limitation resulting from the impairment[]" in four specific functional areas—activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, *id*. § 404.1520a(b)(2), (c). Further, the adjudicator must document the application of the special technique in the decision. The regulations explicitly provide that the adjudicator's decision "*must* include a specific finding as to the degree of limitation in *each* of the [four] functional areas." *Id*. § 404.1520a(e)(2) (emphasis added).

2

In *Gutierrez v. Apfel*, we held that "where there is a colorable claim of mental impairment," failure to adhere to section 404.1520a "requires remand to the Social Security Administration."[1]  199 F.3d 1048, 1051 (9th Cir. 2000).  In this case, Gunderson raised a "colorable claim" of mental impairment.  The ALJ herself found at step two that Gunderson's anxiety disorder qualified as a severe mental impairment.  The ALJ, however, failed to make a specific finding as to each of the functional areas, as required under section 404.1520a.  As for the first three functional areas, the ALJ merely stated that Gunderson did not have any "marked" limitations.  But the regulations required the ALJ to identify and record where Gunderson's limitations exactly fell along the following five-point scale—none, mild, moderate, marked, and extreme—for each of those functional areas.  20 C.F.R. § 404.1520a(c)(4).

We acknowledge that in certain circumstances, the failure to explicitly use the special technique may constitute harmless error.  In this case, however, after having reviewed the record and the totality of the ALJ's findings, it is not clear whether the ALJ would have arrived at the same conclusion regarding Gunderson's residual functional capacity (RFC) to perform work had the ALJ adhered to the

---

[1] Although *Gutierrez* dealt with the prior version of section 404.1520a, the current version, although different, imposes similar obligations on the ALJ.

requirements of section 404.1520a. Accordingly, we remand this matter so the ALJ can make specific findings as to the degree of Gunderson's limitations in each of the paragraph B functional areas as required by section 404.1520a and to proceed with the remainder of the five-step sequential analysis in light of those findings.[2]

Second, Gunderson argues that the ALJ committed a legal error by finding at step two that Gunderson's anxiety disorder and hepatitis were "severe" and then failing to incorporate the limitations resulting from those impairments into the ALJ's final construction of Gunderson's RFC at steps four and five. Gunderson fails to appreciate that "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "The step two and step five determinations require different levels of severity of limitations such that the satisfaction of the requirements at step two does not automatically lead to the conclusion that the claimant has satisfied the requirements at step five." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). Nevertheless, the ALJ is not required, as a matter of law, to include all the

_____

[2] At oral argument, counsel for Gunderson conceded that even if the ALJ fully complies with section 404.1520a, Gunderson cannot prevail at step three. Therefore, upon remand, the ALJ is required to perform the special technique solely for the purpose of the ALJ's analysis at steps four and five.

limitations from the impairments the ALJ deems to be severe at step two in the ALJ's final RFC analysis. As a result, in this case, the ALJ did not commit a legal error by omitting functional limitations related to Gunderson's anxiety and hepatitis from the RFC simply because she determined they were severe for purposes of step two. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228-29 (9th Cir. 2009) (rejecting the petitioner's argument that the ALJ failed to account for her mental disorder, which the ALJ had found to be severe at step two, in the final construction of her RFC, and noting the lack of "authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities"). Upon remand, after complying with section 404.1520a, the ALJ may find it necessary to revise her prior RFC evaluation to reflect any limitations from Gunderson's anxiety disorder. But that is for the ALJ to decide on remand.

Third, Gunderson argues that the ALJ erred by failing to properly consider the medical opinions of Dr. William Trueblood. However, Dr. Trueblood conducted a psychological evaluation of Gunderson in December 1998, nearly two years before the alleged onset date of Gunderson's disabilities. Because "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008), the

5

ALJ did not err in according less weight to the opinions of Dr. Trueblood. *See*

*Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988) (concluding that the

ALJ correctly rejected medical evidence because it predated the relevant time

period).

Finally, Gunderson argues that the ALJ erred by not considering his

individual reactions to the demands of work-related stress in accordance with SSR

85-15. This court has held that "SSR 85-15 provides guidance only for cases in

which the claimant asserts 'solely nonexertional impairments.'" *Roberts v.*

*Shalala*, 66 F.3d 179, 183 (9th Cir. 1995) (quoting SSR 85-15). Because

Gunderson asserts that his impairments include the exertional imairment of chronic

back pain, SSR 85-15 does not apply. *See Sandgathe v. Chater*, 108 F.3d 978,

980-81 (9th Cir. 1997) (holding SSR 85-15 was inapplicable because the claimant

had exertional and nonexertional impairments).

Each side to bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED, AND
REMANDED WITH INSTRUCTIONS.**