**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAURAL LEMKE,

           Plaintiff - Appellant,

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

           Defendant - Appellee.

No. 09-35379

D.C. No. 3:07-cv-01363-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 4, 2010[**]
Portland, Oregon

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

The ALJ's determination that Lemke's psychological impairment was not

severe is supported by substantial evidence. *Burch v. Barnhart*, 400 F.3d 676, 679

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2005).  The ALJ properly relied on the opinion of the state agency's evaluating psychological consultant, Dr. Anderson, which was consistent with the other medical evidence in the record.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Moreover, because Lemke's failure to seek psychiatric treatment was "unexplained or inadequately explained," it constituted a proper basis to discredit her allegation of a severe mental impairment.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Because the evidence of Lemke's mental impairment was not ambiguous or inadequate, the ALJ had no duty to develop the record further.  *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

The ALJ's failure to document specific findings in his decision with respect to the "B criteria" was not erroneous in these circumstances.  Per the applicable post-2000 Social Security regulations, 20 C.F.R. §§ 404.1520a(e), 416.920a(e) (2005), ALJs are no longer required to attach a specific psychiatric review technique form when evaluating the severity of a claimant's mental impairments; while the present regulations require adjudicators to document their findings using the special technique, they give ALJs greater discretion in deciding how to publish those findings.  *Cf. Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000), *superseded by regulation*, 20 C.F.R. § 404.1520a (2001).  In this case, it is legitimate to infer that the ALJ incorporated Dr. Anderson's documentation of the

2

"B criteria" findings by crediting Dr. Anderson's opinion and stating that it was "essentially uncontroverted," and hence not rebutted by any other medical evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ reviewed and discussed Lemke's mental history, and took into account Lemke's mental impairment at each step of the disability analysis.

Contrary to Lemke's assertion, a vocational expert is not required in every case where a claimant exhibits non-exertional limitations. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). In this case, because the grids adequately reflected Lemke's residual functional capacity, testimony of a vocational expert was unnecessary. *See id.*

We conclude that the ALJ's reference to "Rule 201.XX" was a harmless typographical error. The ALJ determined that Lemke was 42 years old, limited to sedentary work, able to communicate in English, and had a limited education; given this description, it is clear that the ALJ intended to reference Rule 201.24. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.24.

Although the record does not show that Lemke inconsistently reported her illegal drug use, the ALJ's seven other reasons for making an adverse credibility determination were both clear and convincing and supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Because the ALJ rejected Stone's lay testimony at least in part for the same reasons he discounted Lemke's allegations, we likewise uphold this determination. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Moreover, the ALJ's reasons for rejecting Stone's testimony were particular to Stone. *Id.*

Lemke provides no legal basis for her claim that the ALJ erred by not seeking her treating physicians' opinions regarding whether she had a listed impairment. While the ALJ may contact medical sources to clarify ambiguities in documentation, SSR 96-5p, at *2, it is the ALJ, and not a claimant's treating physician, who is ultimately responsible for determining whether a claimant is entitled to disability benefits, *see id.*

Lemke's remaining arguments fail for lack of factual support. Lemke's claims that the ALJ neglected to consider her impairments in combination, and that the ALJ inadequately evaluated whether her impairments combined to equal a listing, are not reflected in the ALJ's decision, which shows that the ALJ's review was proper in both respects. There is also no factual support for Lemke's assertion that the limitations purportedly prescribed in Dr. Wu's note (which is not contained in the record) are inconsistent with the ALJ's RFC assessment.

**AFFIRMED.**

4