GRABER, Circuit Judge,
dissenting:
I respectfully dissent because I find no error in the ALJ’s decision. And, even assuming that the ALJ erred when he did not explicitly state his findings in each of the four functional areas prescribed by 20 C.F.R. § 404.1520a, that error is harmless. I therefore would affirm the denial of benefits.
The ALJ considered Keyser’s mental problems and concluded that they did not add up to a severe impairment. “Such was the conclusion of the state agency medical consultant,” the ALJ explained, “as found in the psychiatric review technique form” (“PRTF”). Although Keyser sought the help of Dr. Monteverdi only after the medical consultant’s review, nothing in Dr. Monteverdi’s reports caused the ALJ to question the earlier determination made by the consultant. To the contrary, the ALJ observed, “Dr. Monteverdi reported that, during the few times he treated [Keyser], she had responded well to medication.” The ALJ also observed that Keyser had worked successfully for years under the primary diagnosis that Monteverdi gave her. For those reasons, all of which the record supports,[1] the ALJ determined that Keyser had no severe mental impairment.
Despite the substantial evidence underlying the ALJ’s determination, the majority faults him for failing “to complete a PRTF and append it to [his] decision, or to incorporate its mode of analysis into [his] findings and conclusions.” Maj. op. at 726. *728 In my view, the ALJ did incorporate the PRTF’s mode of analysis into his findings and conclusions. He explicitly referenced the PRTF completed by the agency consultant and explained cogently why the consultant’s analysis persuaded him even in light of Dr. Monteverdi’s more recent assessments and treatment. The relevant regulation requires nothing more.[2]
In reaching the opposite conclusion, the majority relies too much on Gutierrez v. Apfel, 199 F.3d 1048 (9th Cir.2000), and similar cases. As the majority acknowledges, the rules have changed since Gutierrez. Maj. op. at 725. The agency amended § 404.1520a in September 2000 to excuse ALJs from the redundant process of having to document their application of the technique in written decisions and also having to complete the “checklist of ... conclusions” in the PRTF. 65 Fed. Reg. 50,746-01, 50,757 (2000). “The PRTF (i.e., the form itself) should not be confused with application of the technique,” the agency warned. Id. Unlike the PRTF, a decision documenting application of the technique will “include a more detailed explanation of the findings and conclusions reached, supported by a narrative rationale.” Id. It is the amended rule, not the old one, that applies here.[3]
The ALJ followed the amended rule. His written decision provided precisely what the agency had in mind. He explained his conclusion with respect to the severity of Keyser’s mental impairment and he supported that conclusion with a narrative rationale. Requiring the ALJ to go back and include the PRTF’s checklist of conclusions, either by amending his written decision or by attaching a newly completed PRTF, restores the redundancy that the agency sought to eliminate. The majority nevertheless remands this nearly six-year-old case for just that empty exercise.
Even if it were error not to give more attention to the findings in the PRTF in the written decision, that error is harmless here. We have recognized that an error “inconsequential to the ultimate nondisability determination” is harmless. Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006); see also Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir.2008) (refusing to disturb an ALJ’s decision, regardless of error, “[s]o long as there remains ‘substantial evidence supporting the ALJ’s conclusions’ ... and the error ‘does not negate the validity of the ALJ’s ultimate ... conclusion’ ” (quoting Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir.2004))). Applying the harmlessness analysis here, it is clear to me that the ALJ’s failure to fill out the PRTF was inconsequential. There remains substantial evidence to support the ALJ’s conclusion that Keyser had no severe mental impairment. The absence of a PRTF, which undoubtedly would repeat the same findings made by the agency’s consultant, does not negate the validity of the ALJ’s decision.
*729 That analysis reveals yet another way in which Gutierrez differs from this case. In Gutierrez, 199 F.3d at 1051, the claimed mental impairment formed the “central” basis of the disability claim and the facts were far more suggestive of a severe mental impairment. Indeed, the ALJ agreed with the claimant that she suffered from “a serious mental impairment,” but simply disagreed as to how long it would take for her to recover. Id. at 1050. In those circumstances, we could not say that the ALJ’s failure to complete and attach a PRTF was inconsequential, so we sent the case back to the agency for reconsideration. Id. at 1051.
Here, by contrast, Keyser’s lung condition formed the central basis for her claim. Only after her lung collapsed could she no longer work. As mentioned earlier, Keyser worked for years with bipolar disorder and, although she developed anxiety and depression after her lung collapsed, those problems consistently improved after Dr. Monteverdi gave her a new medication. The record firmly supports the ALJ’s determination that Keyser had no severe mental impairment. Any procedural error in making that determination was harmless.

. Indeed, consistent with Dr. Monteverdi’s reports, Keyser admitted at her hearing that her mental troubles improved after she began to take the medication that Dr. Monteverdi had prescribed.

. That regulation, 20 C.F.R. § 404.1520a(e), places the "overall responsibility for assessing medical severity and for completing and signing the [PRTF]” on the agency consultant. At the hearing stage, § 404.1520a(e)(4) requires the ALJ merely to "document application of the technique.” Although § 404.1520a(e)(4) states that the ALJ "must include a specific finding as to the degree of limitation in each of the functional areas,” we have declined to read that provision stingily. Hoopai v. Astrue, 499 F.3d 1071, 1077-78 (9th Cir.2007). And, in any case, the ALJ included such findings by expressly incoiporating the agency consultant’s conclusions “as found in the psychiatric review technique form.”

. Keyser’s hearing took place on October 30, 2007, and the ALJ issued his written decision on November 30, 2007.