**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL W. ANGEVINE, | No. 11-15678 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01496-GSA |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Argued and Submitted October 10, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Paul W. Angevine appeals the district court's judgment affirming the

decision of the Acting Commissioner of Social Security, which denied his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* Carolyn W. Colvin, Acting Commissioner of Social Security, is
substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of
Appellate Procedure 43(c)(2).

applications for disability insurance benefits and supplemental security income, pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423, 1382c.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse and remand with instructions.

**1.**    As a preliminary matter, we must determine whether Angevine has waived his arguments regarding the alleged failure of the administrative law judge ("ALJ") to consider his mental impairments because these arguments were not raised before the district court.  While issues not raised below are generally deemed waived, we nevertheless exercise our discretion to reach the merits of Angevine's claim because "the issue presented is purely one of law and . . . the pertinent record has been fully developed."  *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).  Moreover, given the Acting Commissioner's opportunity to respond to the arguments Angevine now raises, she "will suffer no prejudice as a result of the failure to raise the issue in the trial court."  *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).  Finally, in light of the clarity and nature of the legal error alleged, we find that review of the issue is "necessary to avoid a manifest injustice."

---

[1] The Appeals Council declined Angevine's request for review.  Thus, the ALJ's decision became the final decision of the Acting Commissioner of Social Security for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

*Greger*, 464 F.3d at 973 (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)) (internal quotation mark omitted).

**2.**     We conclude that, as a matter of law, the ALJ erred in failing to address Angevine's colorable claim of mental impairment.  Step two of the five-step sequential process by which an ALJ determines whether an applicant is disabled requires the ALJ to evaluate the severity of an applicant's impairment or combination of impairments.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  In doing so, an ALJ must evaluate an applicant's mental impairments via a special psychiatric review technique outlined in 20 C.F.R. §§ 404.1520a, 416.920a when the applicant has a "colorable claim of mental impairment."  *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011) (quoting *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000)) (internal quotation marks omitted).

The record demonstrates that Angevine possessed a colorable claim of mental impairment.  He received two positive screens for post-traumatic stress disorder ("PTSD"), was diagnosed with PTSD, was encouraged to attend a PTSD treatment program, and was referred to a mood disorder group "to work on mild depression."  He asserted before the ALJ that he was unable to work "because of depression and [his] alcoholism," and estimated that he had sought psychiatric

3

treatment twice a month on average over the previous year.  Despite this record, the ALJ discussed none of the evidence relating to Angevine's alleged mental impairments, and offered none of the findings or conclusions required by the special psychiatric review technique.  *See* 20 C.F.R. §§ 404.1520a(b)–(e), 416.920a(b)–(e).  This error was not harmless.  *Keyser*, 648 F.3d at 726.

We reject the Acting Commissioner's contention that even if the ALJ erred in this regard, Angevine has nonetheless failed to establish the existence of any mental impairments.  It is not for us to gauge on appeal the extent and severity of Angevine's mental impairments.  Rather, that task falls to the ALJ in the first instance, and must be completed through the application of the special psychiatric review technique.  *See id.* at 725.

Accordingly, we reverse the judgment of the district court with instructions to remand to the ALJ for a proper review of Angevine's mental impairments.  We need not address any other issues raised on appeal.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**