**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WAYNE LEE MCGINTY, | No. 10-56126 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-00888-AN |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding

Submitted February 13, 2012[**]
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Wayne Lee McGinty ("McGinty") appeals the district court's denial of his request for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). He contends that the government's "position" was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). It is undisputed that McGinty is the "prevailing party" for purposes of the EAJA, having secured a reversal of the decision of the Administrative Law Judge ("ALJ") and a remand. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).

"The decision whether to award fees under the EAJA, including the district court's conclusion that the government's position was substantially justified, is reviewed for abuse of discretion." *Id.* at 1258. The government's position was substantially justified if it had "a reasonable basis both in law and in fact." *Meinhold v. United States Dep't of Def.*, 123 F.3d 1275, 1277 (9th Cir.), *amended by* 131 F.3d 842 (9th Cir. 1997). As the Supreme Court has explained, "substantially justified" does not mean "'justified to a high degree,' but rather [means] 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). And "[t]he term 'position' includes the underlying agency action and the legal position of the United States during litigation." *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988).

Here, the government had the burden of demonstrating that its position was substantially justified with respect to (1) the ALJ's adverse credibility determination regarding McGinty's subjective symptom testimony and (2) the ALJ's rejection of the written statement and hearing testimony of McGinty's lay witness. The ALJ's adverse credibility determination was based on two specific grounds. First, the ALJ found that there were "very few clinical findings" to support McGinty's subjective symptom testimony. Second, the ALJ found that McGinty's daily activities were inconsistent with this testimony. Moreover, these two grounds also supported the ALJ's rejection of the testimony and statement of McGinty's lay witness.

Those grounds have a reasonable basis in law because a lack of medical evidence and a claimant's daily activities are both factors that an ALJ can take into account when making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc). And both grounds have a reasonable basis in fact because they find support in the record. *See Hardisty v. Astrue*, 592 F.3d 1072, 1080 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2443 (2011).

Moreover, because the ALJ rejected the lay witness testimony for the same reasons he rejected McGinty's testimony, the finding that the lay witness testimony was entitled to "little weight" is also substantially justified. *See Valentine v. Comm'r*

3

*Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (indicating that third-party testimony can be rejected for the same reasons provided for rejecting the claimant's testimony).

In sum, the district court did not abuse its discretion in finding that the government had met its burden of establishing substantial justification and in thus denying McGinty's EAJA petition. Because McGinty is not entitled to EAJA fees, it is not necessary to reach the question McGinty raises of how such fees should be calculated.

**AFFIRMED**.