**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHLEEN ALLEN-HOWARD,

Plaintiff - Appellant,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

Defendant - Appellee.

No. 13-35275

D.C. No. 3:11-cv-01116-RE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
James A. Redden, Senior District Judge, Presiding

Submitted July 9, 2015[**]
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Kathleen Allen-Howard appeals the district court's order denying her motion

for attorney's fees made pursuant to the Equal Access to Justice Act ("EAJA").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review "the district court's denial of attorney's fees under EAJA for an abuse of discretion." *Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2013). We affirm.

"[A] court shall award to a prevailing party other than the United States fees . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). In determining whether the position of the United States was substantially justified, we "focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)) (internal quotation marks omitted). The United States bears the burden of demonstrating that its position was substantially justified, meaning "the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

In order to determine whether the Commissioner's position was substantially justified, we must look to the Administrative Law Judge's ("ALJ") initial decision to deny Allen-Howard social security benefits. *Meier*, 727 F.3d at 870 ("In the social security context, we have consistently treated the ALJ's decision as the 'action or failure to act by the agency upon which the civil action is based.'"). The ALJ denied Allen-Howard benefits without determining whether Allen-Howard's residual functional capacity ("RFC") for "1 to 2 step tasks" conflicted with Reasoning Levels 2 and 3 in the Dictionary of Occupational Titles ("DOT"). The Commissioner argued before the district court that there was not an apparent conflict. The district court disagreed, but declined to award attorney's fees after finding that the Commissioner's position was substantially justified.

In *Rounds v. Commissioner of Social Security*, No. 13-5505 (9th Cir. August 4, 2015), we recently determined that an RFC for "1 to 2 step tasks" is in apparent conflict with Reasoning Level 2. Nevertheless, the ALJ's decision was substantially justified, because we had not determined whether an RFC for "1 to 2 step tasks" is in apparent conflict with Reasoning Level 2 at the time the ALJ made its decision. If there were not an apparent conflict, the ALJ was entitled to rely on the testimony of the Vocational Expert ("VE") regarding the jobs Allen-Howard could perform in the national economy. *See Massachi v. Astrue*, 486 F.3d 1149,

3

1152–53 (9th Cir. 2007).  The district courts of this circuit have split on this question, and there was no controlling authority to guide the ALJ.  *See Meissl v. Barnhart*, 403 F. Supp. 2d 981 (C.D. Cal. 2005); *Skeens v. Astrue*, 903 F. Supp. 2d 1200 (W.D. Wash. 2012).  It was not clear at the time the ALJ made its decision that Allen-Howard's RFC, for "1 to 2 step tasks," was inconsistent with Reasoning Level 2.  Therefore, there was a reasonable basis in law and fact to support the ALJ's decision not to recognize an apparent conflict between the VE's testimony regarding what jobs a claimant with Allen-Howard's RFC could perform and the DOT.

The Commissioner's litigation position in the district court was also substantially justified.  As noted, there was no controlling authority on the question raised in Allen-Howard's appeal at the time the Commissioner filed its briefing.  This is not a case like *Gutierrez*, where the government's position on an open question was contrary to the clear and unequivocal language of a regulation.  *See Gutierrez*, 274 F.3d at 1262.  Allen-Howard's case involved "contested interpretations of an ambiguous legal rule."  *Id.*  Therefore, the Commissioner's litigation position was substantially justified.

**AFFIRMED**.