**ASSE INTERNATIONAL, INC., Plaintiff,**

v.

**John F. KERRY, Secretary of State of the United States; Robin Lerner, Deputy Assistant Secretary of State for Private Sector Exchange, Bureau of Educational and Cultural Affairs; and the United States Department of State, Defendants.**

**Case No.: SACV 14–00534–CJC(JPRx)**

United States District Court, C.D. California, Southern Division.

Signed 11/04/2016

Vera A. Weisz, Weisz Immigration Law Group, Los Angeles, CA, Edward F. Ramos, Helena M. Tetzeli, John P. Pratt, Ira J. Kurzban, Kurzban Kurzban Weinger Tetzeli and Pratt PA, Miami, FL, for Plaintiff.

Emily Newton, Gregory Dworkowitz, Ryan Bradley Parker, US Department of Justice, Washington, DC, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS PERSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff ASSE International, Inc. ("ASSE"), brought this suit against the U.S. State Department and other defendants after the State Department imposed "lesser sanctions" on it based on its alleged violations of the regulations governing a cultural exchange program involving foreign workers in the United States. (Dkt. 1.) This Court dismissed the case, (Dkt. 32), and the Ninth Circuit reversed, *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015). Upon remand from the Ninth Circuit, this Court granted the State Department's motion for voluntary remand for further administrative proceedings in accordance with the Ninth Circuit's opinion. (Dkt. 52.)

Before the Court is ASSE's motion seeking an interim award of its fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 54.) For the following reasons, the Court DENIES ASSE's motion.[1]

### II. BACKGROUND

ASSE is a program sponsor serving the State Department's Exchange Visitor Program ("EVP"), which promotes educational and cultural exchanges between people in the United States and other nations. *See* 22 U.S.C. §§ 2451, 2452. The State Department licensed ASSE to serve several program categories, including "work-

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7– 15. Accordingly, the hearing set for November 14, 2016, at 1:30 p.m. is hereby vacated and off calendar.

based" occupational training programs designed to expose college graduates to "American techniques, methodologies, and expertise" in their chosen fields. *See* 22 C.F.R. § 62.2. Since it was founded in 1976, ASSE has sponsored more than 100,-000 foreign exchange visitors through the EVP. (Dkt. 6–2 ¶ 1.)

In March 2014, the State Department imposed sanctions on ASSE pursuant to 22 C.F.R. § 62.50 for allegedly violating regulations governing sponsors' obligations under the EVP and for "[c]omitting an act of omission or commission, which has or could have the effect of endangering the health, safety, or welfare of an exchange visitor." 22 C.F.R. § 62.50(a)(1), (a)(3). The State Department's decision to impose sanctions was based in large part on its finding that a third-party contractor ASSE hired to support its administration of some EVP programs had harassed and intimidated a Japanese business management trainee named Noriko Amari, a program participant posted in Hawaii, and has assigned her excessive work hours with inadequate compensation. (Dkt. 1 ¶ 31; Dkt. 13–6, Notice of Intent to Impose Lesser Sanctions.) Ms. Amari had been placed by ASSE, through the assistance of ASSE's third-party organization American Career Opportunity. (Dkt. 13–6 at 2.). In the proceeding against ASSE, the State Department's evidence of harassment came solely from Ms. Amari, with no record of any supporting evidence. *ASSE*, 803 F.3d at 1077. The State Department imposed what section 62.50 terms "lesser sanctions" on ASSE, consisting of "a written reprimand, a requirement that ASSE provide a corrective action plan, and a 15% reduction in the number of trainees in ASSE's program." *Id.* at 1067. The 15% reduction in the number of trainees is effected by limiting the number of the State Department's DS–2019 forms disbursed to a sponsor. *Id.* at 1073. Because each program participant requires that form, the number of forms given to a sponsor limits in turn the number of program participants that sponsor can take on in a given year. *Id.*

In April 2014, ASSE filed this lawsuit challenging the State Department's sanctions. (Dkt. 1.) ASSE asserted, *inter alia*, that the State Department's determination was arbitrary and capricious under the Administrative Procedures Act (APA) and that ASSE's Fifth Amendment right to due process was violated. (*See id.*)

This Court dismissed the case, determining that the State Department's decision was unreviewable under the APA and that the State Department afforded ASSE sufficient process. (Dkt. 32.) ASSE appealed and the Ninth Circuit reversed, holding that the State Department's decision is reviewable under the APA and that—assuming that ASSE has a property interest—the State Department did not provide adequate due process. *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015).

The Ninth Circuit remanded the case back to this Court to decide in the first instance whether ASSE has the necessary protected property interest in the DS–2019 forms the State Department distributes to it and, if so, whether the insufficient process was harmless error. *ASSE*, 803 F.3d at 1080.

Upon remand, the State Department sought a voluntary remand to the agency for the stated purpose of allowing it to revisit its administrative decision to sanction ASSE and consider it in light of the Ninth Circuit's opinion. (Dkt. 49.) The State Department also stated that it intended to vacate the sanctions. (*Id.* at 2.) ASSE indicated that it "does not object in principle to a remand of this matter to the Department of State for reconsideration." (Dkt. 50 at 3.) It did, however, urge the Court to formally vacate the State Depart-

ment's existing sanctions decision and to provide precise instructions concerning the procedural rights to which ASSE is entitled. (*See id.*) The State Department opposed ASSE's requests. (*See* Dkt. 51.)

The Court granted the State Department's motion for voluntary remand. (Dkt. 52.) The Court granted ASSE's request as to vacating sanctions, noting that the State Department's opposition to this Court's formal vacating of the sanctions while stating that it intended to vacate the sanctions upon remand was somewhat odd. (*Id.* at 7.) The basis for this Court's vacatur was that, while the gravity of the State Department's procedural errors were "fairly equivocal" and "remain[ed] a question to a large extent," vacating the sanctions would not cause disruption or harm the State Department. (*Id.* at 8.) However, this Court declined to wade into the due process issue and "prospectively order the State Department to provide the process" ASSE sought because the State Department was initiating further administrative proceedings consistent with the Ninth Circuit's opinion. (*Id.* at 6.)

The State Department subsequently reimposed one of the "lesser sanctions," a written reprimand. (Dkt. 54–23 at 1.) The State Department's notice explicitly stated that it did not rely on the allegations of harassment in making its determination on the written reprimand. (*Id.* at 2 n.3.) While ASSE plans to appeal that determination, (*see* Dkt. 57), it first brought this motion seeking an interim award of its fees and costs pursuant to the EJEA, (Dkt. 54).

## III. ANALYSIS

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because the position of the United States was substantially justified, the Court DENIES ASSE's motion and need not reach other issues raised in the briefing.

## A. LEGAL STANDARD

 Under the EAJA, "substantially justified," means that the position must have a "reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Whether the government's position was substantially justified is subject to a reasonableness standard. In the Ninth Circuit, courts "apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995), *as amended on denial of reh'g* (June 5, 1995); *see also Al–Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002) (" 'Substantial justification' in this context means 'justification to a degree that could satisfy a reasonable person.' ") (quoting *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541). The government's position is not presumed unreasonable merely because it did not prevail. *Pottgieser v. Kizer*, 906 F.2d 1319, 1324 (9th Cir. 1990).

The EAJA defines "position of the United States" as "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). However, in a recent decision the Ninth Circuit reiterated that "the test is an inclusive one; it is the government's position 'as a whole' that must have 'a reasonable basis in fact and law.' " *Ibrahim v. U.S. Dep't of Homeland Sec.*, 835

F.3d 1048, 1054 (9th Cir. 2016) (quoting *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001)). Noting the Supreme Court's decision in *Commissioner, INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Ninth Circuit held that "courts are to make but one substantial justification determination on the case as a whole." *Id.* at 1055 (citing *Jean's* statement that the EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items," *Jean*, 496 U.S. at 161–62, 110 S.Ct. 2316)

 The Ninth Circuit explicated the nature of this Court's EAJA inquiry. Holistic review "is not to say a court may not consider the government's success at various stages of the litigation when making that inquiry, but those separate points of focus must be made as individual inquiries collectively shedding light on the government's conduct on the whole, rather than as distinct stages considered in isolation. . . . Whether those portions of the case on which the government was not substantially justified are sufficient to warrant fee shifting on the case as a whole is a question left to the evaluating court's discretion. But that a situation may arise where a court may deny a prevailing party fees even though the government was not substantially justified as to every position it took does not trouble us." *Id.* at 1055, 1056. Therefore, the State Department "must establish that it was substantially justified on the whole, considering, first, the underlying conduct . . . and, second, its litigation position." *Gutierrez*, 274 F.3d at 1258–59.

**B. ANALYSIS**

ASSE argues that both State Department's pre-litigation actions and its litigation positions cannot be substantially justified. (Dkt. 54 at 12–13.) The Court considers each in turn.

 1. Administrative Procedure. ASSE roots its argument regarding the administrative proceeding in the State Department providing it with a summary of Ms. Amari's claims rather than her full testimony, the State Department's reliance on an email from an ASSE employee without disclosing such reliance in the initial notice of intent to impose sanctions, and the State Department ignoring pieces of exculpatory evidence it supplied.[2] (*See id.* at 13–16.) Contrary to ASSE's contention that the State Department's conduct in the administrative proceeding "violated 'clearly established' legal principles," (Dkt. 54 at 13 (quoting *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir.2007))), the State Department has met its burden of demonstrating that the procedure provided was substantially justified.

Providing ASSE with only a summary of Ms. Amari's testimony was substantially justified. As the Ninth Circuit explicitly recognized, "[a] summary of evidence may, in certain circumstance[s], provide sufficient notice to allow a meaningful opportunity to respond." *ASSE*, 803 F.3d at 1077. The Ninth Circuit also distinguished this case from egregious due process violations because the State Department's summary "did provide many crucial details about the

---

**2.** The Ninth Circuit relied on the State Department's providing ASSE with only a summary of Ms. Amari's testimony and its failure to disclose the email as the grounds for finding a potential due process violation. *See ASSE*, 803 F.3d at 1076–78, 1076 n.14 ("We note ASSE's [exculpatory evidence] claim, but we rely on the more significant claim that

ASSE was denied a meaningful opportunity to rebut the charges against it."). Because no court has examined, let alone validated, ASSE's contention about the State Department ignoring exculpatory evidence, this Court, like the Ninth Circuit, focuses on the more significant procedural insufficiencies.

identity of the interviewee, involved parties, and the content of the allegations." *Id.* The Ninth Circuit's ultimate finding that the State Department "should have provided ASSE with complete interview notes so it would have an opportunity to rebut the details of the harassment" hinged not on the fact that a summary is categorically and clearly insufficient but rather depended on the fact that the government had only a minimal interest in shielding the interview notes. *See id.* Given the absence of a categorical rule and the Ninth Circuit's implicit recognition that the State Department attempted to provide a comprehensive summary, the testimony summary did not violate *clearly established* legal principles.

Similarly, the State Department's failure to provide a copy of the email from an ASSE employee in the initial notice of potential sanctions was substantially justified. A reasonable person would believe that ASSE had access to the email already, since it came from the ASSE employee who was interacting with the State Department on this matter. The Ninth Circuit recognized this. *See ASSE*, 803 F.3d at 1078 ("ASSE's claimed ignorance of this email, which was sent by one of its own employees involved in handling the State Department's inquiry into Ms. Amari's status, may trigger some skepticism.").

Two other pieces of the Ninth Circuit's opinion bolster this Court's conclusion that the administrative proceedings were substantially justified. First, the Ninth Circuit prefaced its due process discussion by stating that "we find the question close." *ASSE*, 803 F.3d at 1076. Close questions of due process by definition do not have clearly established answers. Second, exemplifying the closeness of this case, the Ninth Circuit rejected the vast majority of the procedural modifications sought by ASSE. ASSE had sought trial-type proce-

dures, including confrontation and cross-examination of witnesses. *Id.* at 1073. The Ninth Circuit's opinion substantially affirmed the State Department's decision to conduct the process solely through paper records. *See id.* at 1073–75 ("The State Department may, of course, determine at any time to conduct more formal hearings, but sponsors facing lesser sanctions are not entitled to such a hearing.... Because we find that trial-type proceedings are not constitutionally required here, we leave the question whether to grant ASSE such additional procedures to the Department's discretion.").

ASSE argues that, because the Ninth Circuit held that "ASSE did not have a meaningful opportunity to rebut significant portions of the evidence," the State Department's actions cannot be substantially justified. (Dkt. 54 at 14 (a due process violation "is nearly impossible for the government to justify"); Dkt. 62 at 12 (stating that due process violations preclude finding substantial justification).) ASSE relies heavily on *United States v. $12,248 U.S. Currency*, 957 F.2d 1513 (9th Cir. 1991). (Dkt. 54 at 14.) In a footnote countering the dissent, that case stated, "if, as the dissent would have it, a *due process* violation is not enough to trigger a finding that the government was not 'substantially justified' under the EAJA, the EAJA would amount to nothing but a hollow statutory shell offering little of substance to prevailing parties." *Id.* at 1517 n.5 (emphasis in original).

*$12,248 U.S. Currency's* language is strong. However, even assuming ASSE reading of *$12,248 U.S. Currency* is correct, it would not apply here because the Ninth Circuit expressly declined to determine whether ASSE had a property interest, which is required for a due process violation. *See ASSE*, 803 F.3d at 1079 ("[T]he issue of whether ASSE has a pro-

tected property interest was not fully briefed, and as it also has not been passed upon in the first instance by the district court, we decline to reach the issue."). ASSE is correct that the State Department could fail to meet its burden of demonstrating substantially justified administrative proceedings in the absence of a due process violation. (*See* Dkt. 54 at 15.) However, the fact that a due process violation has not been definitively found precludes *$12,248 U.S. Currency* from applying.

Furthermore, there is no indication from subsequent cases that *$12,248 U.S. Currency* establishes a seminal, categorical Ninth Circuit rule for EAJA fees. Rather, that statement has only been cited twice. All three cases—*$12,248 U.S. Currency* and its two citations—presented particularly egregious due process violations. *See $12,248 U.S. Currency*, 957 F.2d at 1519 (holding that government was not substantially justified in its litigation position where government conducted a poor investigation of claim, failed to verify claimant's story, unreasonably delayed pursuing and processing litigation of forfeiture claim for thirteen months, and where court ultimately found at trial which occurred four years after initial seizure that seized property had independent source and had not been used illegally); *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994) (social security administration relied on evidence not in administrative record, ignored extensive evidence in record produced by plaintiff, and violated many of its own regulations); *United States v. Marolf*, 277 F.3d 1156, 1163 (9th Cir. 2002) (government conceded that it failed to provide plaintiff with notice of seizure and intent to forfeit an asset after it knew plaintiff had an interest in the asset).

This case pales in comparison—here, the State Department provided a summary of Ms. Amari's statements rather than a full transcript and did not fully disclose its reliance on an email ASSE's representative sent to the State Department. Finding that those acts constitute insufficient procedure was a "close" question, and the Ninth Circuit expressly denied ASSE's argument for further-augmented procedure. *ASSE*, 803 F.3d at 1076. Due process violations are serious, and egregious violations can nearly never be substantially justified. This was not such a case. Accordingly, the State Department has met its burden of demonstrating that its administrative proceeding was substantially justified.

2. Litigating Positions. ASSE argues that the State Department "adopted unreasonable litigation positions that cannot be substantially justified." (Dkt. 54 at 17.) ASSE rests its argument on the State Department's: (1) argument that ASSE's claims concerned foreign policy committed to agency discretion through reliance on *Chong v. Director, U.S. Info. Agency*, 821 F.2d 171 (3d Cir. 1987), (2) urging the Ninth Circuit to affirm the dismissal of ASSE's APA claims on the merits based on an incomplete administrative record, (3) refusing to stipulate to vacatur of sanctions upon remand to this Court, and (4) choosing to defend its defective proceeding at all. (Dkt. 54 at 16–18.) The Court considers each in turn.

■ First, the State Department has demonstrated that its argument that ASSE's action concerned foreign policy committed to agency discretion was substantially justified. The Ninth Circuit disagreed with this Court and the State Department as to the strength of the connection between EVP management and foreign policy. *See* ASSE, 803 F.3d at 1069, 1070 ("But a weak connection to foreign policy is not enough to commit an agency action to the agency's discretion.... As ASSE points out, it is diffi-

cult to imagine how Japan would be offended by federal court review of the State Department's decision to impose sanctions on ASSE."). While doing so, the opinion admonished the State Department for its reliance on *Chong. Id.* ("The Department's reliance on *Chong* is misguided and the quotation taken out of context.... *Chong* does not help the government's case.").

ASSE's argument boils down to: the State Department relied on *Chong*, the Ninth Circuit rejected such reliance, so therefore the State Department's argument cannot be substantially justified. (*See* Dkt. 54 at 17.) However, the State Department's argument relied on the EVP originating statute, regulations, and cases including but not limited to *Chong*. (*See* Dkt. 24 at 16–18; Dkt. 28 at 7–9; Appellee's Brief, *ASSE Int'l, Inc. v. Kerry*, No. 14–56402, Dkt. 14 at 22–23 [hereinafter "Appellee Brief"].) Furthermore, the Ninth Circuit's grounds for distinguishing *Chong* are differences in degree, not in kind. *See id.* at 1070 ("[T]he Department's regulations here are far more detailed than the statute and regulations at issue in *Chong*."); *id.* at 1069–70 ("The authorizing statute vests the State Department with discretion to create and fund exchange programs.... The decision whether to establish a particular exchange program lies purely within the Department's discretion and is a policy question as to which there is no law for us to review.... [However, ASSE] has asked us to measure the State Department's administration of the EVP against the Department's own regulations. This we can do without infringing any of the State Department's prerogatives under the statute.... [*Chong* similarly found] that the State Department had 'adopted regulations which delineate the procedure it must use to review waiver requests.' 821 F.2d at 176. The court recognized that its 'scope of review ... is severely limited

because the statute and the [Department's] regulations vest rather broad discretion [in the State Department.]' ... We think it evident that the State Department's regulations creating the EVP provide more than an ample basis in law for us to review its decision under the APA.").

Nothing in the Ninth Circuit opinion indicates that the reviewability of the State Department's action was straightforward or simple. The mere fact that the State Department lost does not mean its positions cannot be substantially justified. *Pierce*, 487 U.S. 552, 569, 108 S.Ct. 2541 (1988) ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."). The State Department has met its burden of demonstrating that its litigating position vis a vis reviewability was substantially justified.

■ Second, ASSE argues that the State Department's position before the Ninth Circuit cannot be substantially justified because it contradicts the APA's requirement that review of agency action must be conducted on "the whole record." 5 U.S.C. § 706. Specifically, ASSE objects to the State Department including in its appellate briefing the argument that, if the Ninth Circuit reversed this Court on reviewability, it should "hold that the record before the district court refutes ASSE's contention that the decision was arbitrary and capricious or an abuse of discretion." (Appellee Brief at 24.) To support that argument, the State Department submitted "materials incorporated by reference in the complaint." (Dkt. 61 at 17; *see also* Appellee Brief at 24 ("For the reasons already discussed, the documents that ASSE incorporated by reference in its complaint—the Imposition of Lesser Sanctions and the Notice of Intent—demon-

strate that the State Department 'considered the relevant factors and articulated a rational connection between the facts found and the choices made.'") (quoting *Gardner v. U.S. Bureau of Land Management*, 638 F.3d 1217, 1224 (9th Cir. 2011)).)

ASSE portrays this action as urging review based on "an incomplete administrative record." (Dkt. 54 at 17; *see also* Dkt. 62 at 14 ("The Government also offers no reasonable justification for urging the Ninth Circuit to rule 'on the merits' of ASSE's APA claim *without* the administrative record—action squarely prohibited by controlling Circuit law and the plain language of the APA itself." (emphasis added)).) ASSE is incorrect; the State Department's argument was substantially justified. The Ninth Circuit was reviewing this Court's grant of the State Department's motion to dismiss. (Dkts. 24, 32.) Review in that posture is limited to the complaint and a narrow universe of documents. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity ... is not contested and the plaintiff's complaint necessarily relies on them." (quotations omitted)). Given that limitation, ASSE's argument that the State Department's actions blatantly ignore section 706 would necessarily imply that Section 706 precludes APA challenges from being dismissed for failure to state a claim. However, such dismissals occur frequently. *See, e.g., Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 721 (9th Cir. 2011) (countenancing dismissal APA arbitrary and capricious challenge).

 Furthermore, the State Department's choice to include two pages of arguments on the merits was substantially justified. ASSE's opening brief had repeatedly challenged the substantive merits of the State Department's determination. (*See, e.g.,* Appellant Brief, *ASSE Int'l, Inc. v. Kerry*, No. 14–56402, Dkt. 9 at 25 n.8 [hereinafter "Appellant Brief"] ("[T]he agency's failure to introduce into the record the evidence it relied upon to support its harassment charge and its reliance on *ex parte* proceedings leave its conclusions unsupported by the record."); *id.* at 26 (referencing "the agency's off-hand dismissal of" ASSE's evidence).). Such accusations dovetail ASSE's complaint, which states that the State Department "ignored, did not consider, and dismissed evidence," references "the apparent absence of evidence of any wrongdoing on the part of ASSE," and claimed the State Department relied on "factual conclusions contradicted by the record." (Dkt. 1 ¶¶ 19, 24, 43.) ASSE's reply brief, in addition to presenting its Section 706 argument, included seven pages arguing that "some aspects of the agency's arbitrary and capricious decision-making [can] be discerned from the sanctions notices alone." (Appellant's Reply Brief, *ASSE Int'l, Inc. v. Kerry*, No. 14–56402, Dkt. 20 at 9.) Given ASSE's willingness to urge the Ninth Circuit to reach the merits, the State Department's limited inclusion of a merits argument was substantially justified.

Notably, the Ninth Circuit opinion did not address both parties' arguments on the merits at all. (*See ASSE*, 803 F.3d 1059.) ASSE construes that silence as confirming that the State Department's argument was not substantially justified. (*See* Dkt. 54 at 18 ("This argument was so contrary to established law that the Ninth Circuit did not find it worth of mention in its precedential decision."); Dkt. 62 at 15 ("The Government is correct that the Ninth Cir-

cuit's opinion did not address this 'affirmance-on-the-merits' argument in its opinion, but that fact only confirms that the position is wholly groundless. If there were any colorable argument for reaching the merits of ASSE's APA claim without the administrative record, the Ninth Circuit could be expected to have addressed it.").) The Court strongly disagrees. The Ninth Circuit opinion held that ASSE was deprived of a meaningful opportunity to rebut evidence. *ASSE*, 803 F.3d at 1076. The Ninth Circuit's decision to not reach the merits reflects that holding, which undermines the validity of the State Department's record excerpts it claimed demonstrate that it considered ASSE's evidence. The opinions silence says nothing about the ability of the State Department—or ASSE—to raise merits arguments.

▬ Third, ASSE argues that the State Department's opposition to judicial vacatur of the sanctions while assuring the Court it would voluntarily withdraw the sanctions upon remand to the agency cannot be substantially justified. (Dkt. 54 at 18; *see* Dkt. 49 (State Department motion for voluntary remand).) ASSE characterizes that as an "odd, inconsistent, and unreasonable litigation position," *id.* and indeed this Court referred to it as somewhat odd, (*see* Dkt. 52 at 7).

In its motion for voluntary remand, the State Department opposed judicial vacatur by arguing that it was "not appropriate, particularly where ASSE has not established a violation of either the APA or the due process clause. As noted by the Ninth Circuit in its opinion, ASSE has 'concede[d] that the Department followed the [EVP] procedure[s] in large part,' 803 F.3d at 1073, and any procedural errors were certainly not egregious, where the Ninth Circuit found 'the question close' as to whether the Department provided inadequate process in this instance, 803 F.3d at

1076." (Dkt. 49 at 12.) In addition, the State Department seemed to believe that vacatur would concede error in imposing sanctions, whereas the subsequent administrative procedure could very well deem sanctions appropriate even with additional procedural protections. (*See* Dkt. 51 at 11 n.5, 12.) Such concerns substantially justify the State Department's opposition; the fact that opposition does not entirely cohere with their willingness to voluntarily withdraw sanctions upon remand does not overturn that conclusion.

In addition to challenging the State Department based on inconsistency, ASSE asserts that whether or not the Ninth Circuit found a due process violation was irrelevant to vacatur. (Dkt. 62 at 15–16.) Therefore, the State Department's reliance on ASSE having not established a due process violation cannot be substantially justified. (*See id.*) The basis for ASSE's argument that establishing a due process violation is irrelevant is this Court's statement that "[c]ourts faced with a motion for voluntary remand employ the same equitable analysis courts use to decide whether to vacate agency action after a ruling on the merits." (Dkt. 52 at 7 (quotation omitted).) ASSE misconstrues this Court's statement. Far from stating that the propriety of judicial vacatur is entirely divorced from finding a due process violation, (*see* Dkt. 62 at 15–16), the Court was merely explaining the origin of the legal standard for judicial vacatur. Therefore, the State Department was substantially justified in relying on the Ninth Circuit's limited finding of insufficient procedure to argue against judicial vacatur.

▬ Fourth, ASSE's reply brief adds the allegation that "the Government offers no reasonable explanation for defending the agency's failure to provide ASSE with a meaningful opportunity to rebut key evidence supporting the Depart-

ment's sanctions." (Dkt. 62 at 13.) Courts "ordinarily decline to consider arguments raised for the first time in a reply brief." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 n.10 (9th Cir. 2002) (quoting *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam)). Furthermore, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). As thoroughly discussed above, the Ninth Circuit did not find a blatant, obvious, straightforward procedural defect. Its opinion also refused to grant ASSE the bulk of their requested procedure (*e.g.* cross-examination), *ASSE*, 803 F.3d at 1073–75—a holding joined by this Court's refusal to micromanage State Department procedure *ex ante*. (*See* Dkt. 52 at 6–7.) This Court refuses ASSE's request to condemn the State Department for defending its nearly sufficient administrative procedures.

Synthesizing the analyses above to consider the case as a whole, it is clear that the State Department has met its burden of demonstrating that its administrative actions and litigating positions are substantially justified. Accordingly, the Court declines to award ASSE interim EAJA fees.

## IV. CONCLUSION

For the foregoing reasons, ASSE's motion is DENIED.